UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

OFF-WHITE LLC,

                                        Plaintiff,

              -against-

1000PERCENT1000, GOOD-MORNING-
STORE, HONGSHIZIT603,
JINBOYANC380_5, LIKUAN01,
LITIA905793, LITIAN-24, LIULIPINGQ,
LSMSUMI777, OFF44EVER, SJBNSJ,
TIANTIANY86, WENJING1,
YEEZYANDME, YQC262511_0 and
ZHONGH_55,

                                        Defendants.

---------------------------------------------------------

21cv03626 (PAE) (DF)

**SCHEDULING ORDER
FOR A DAMAGES INQUEST**

**DEBRA FREEMAN, United States Magistrate Judge:**

On November 8, 2021, the Honorable Paul A. Engelmayer, U.S.D.J., referred this case to this Court for the purpose of conducting an inquest, with respect to the damages that should be awarded to plaintiff Off-White LLC ("Plaintiff") upon the default of defendants 1000percent1000, good-morning-store, hongshizit603, jinboyanc380_5, likuan01, litia905793, litian-24, liulipingq, lsmsumi777, off44ever, sjbnsj, tiantiany86, wenjing1, yeezyandme, yqc262511_0 and zhongh_55 (collectively, the "Defaulting Defendants"). (*See* Dkt. 36 (Amended Order of Reference); *see also* Dkt. 29 (Motion for Default Judgment); Dkt. 33, at n.1 (Order to Show Cause (listing the Defaulting Defendants).)  Accordingly, it is hereby ORDERED that:

1.      No later than January 5, 2022, Plaintiff shall serve on the Defaulting Defendants and file Proposed Findings of Fact and Conclusions of Law concerning damages ("Proposed Findings").  Plaintiff shall include, with such service, a copy of this Order.

2.      Plaintiff's Proposed Findings should specifically tie the proposed damages figures to the legal claims on which liability has now been established; should demonstrate how Plaintiff has arrived at the proposed damages figures; and should be supported by a sworn affidavit, or a declaration under penalty of perjury, that attaches as exhibits and contains an explanation of any documentary evidence that helps establish the proposed damages.

3.      Further, to the extent that Plaintiff seeks attorneys' fees and litigation costs, Plaintiff's submissions should not only set out the legal basis for such an award, but should also:

a.      provide copies of Plaintiff's attorneys' contemporaneous time records, so that this Court may assess whether the requested fees are reasonable, *see New York Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983);

b.      address the reasonableness of the hourly rates of the attorneys working on the matter and their support staff, *see Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008); and

c.      provide copies of invoices or other documentation substantiating the amount of costs that have been incurred.

4.      The Defaulting Defendants shall submit a response, if any, to Plaintiff's submission no later than February 4, 2022.  The Defaulting Defendants are cautioned, however, that a corporate entity may not appear in this Court without an attorney and therefore any response that any such entity seeks to file, including any request for a hearing on damages, *must be made through counsel* for that response to be considered by the Court.

5.      IF THE DEFAULTING DEFENDANTS FAIL TO RESPOND TO PLAINTIFF'S SUBMISSIONS BY February 4, 2022, THEN THIS COURT WILL PROCEED TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES ON THE

BASIS OF PLAINTIFF'S WRITTEN SUBMISSION ALONE.  FURTHER, THIS COURT

WILL NOT HOLD A HEARING ON DAMAGES, UNLESS THE DEFAULTING

DEFENDANTS REQUEST A HEARING, IN WRITING, BY FEBRUARY 4, 2022.  *See Action

S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991) (Fed. R. Civ. P. 55(b)(2) "allows but

does not require . . . a hearing"); *Fustok v. ContiCommodity Servs. Inc.*, 873 F.2d 38, 40 (2d Cir.

1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that

there was a basis for the damages specified in a default judgment.").

      6.     As noted in the applicable Order of Reference, the parties should also be aware

that Judge Engelmayer has previously approved a report and recommendation written in what

appears to be a substantially similar case.  (*See* Dkt. 36; *see also Off-White LLC v. ALI Jr. et al.*,

No. 19cv1775 (PAE) (SN), Dkts. 59-60.)

Dated: New York, New York
      December 6, 2021

                           SO ORDERED

                           DEBRA FREEMAN
                           United States District Judge

Copies to:

Plaintiff's counsel (via ECF)