UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OFF-WHITE LLC,

                                                    Plaintiff,

           -v-

1000PERCENT1000 *et al*,

                                                    Defendants.

21 Civ. 3626 (PAE) (VF)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Currently pending is plaintiff's motion for a default judgment against 16 defendants (the "Defaulting Defendants"),[1] arising from these defendants' Lanham Act violations. The Court has earlier entered a default as to liability. Dkt. 44. Before the Court is the December 9, 2024 Report and Recommendation of the Hon. Valerie Figueredo, United States Magistrate Judge, recommending that the Court award $1.2 million in statutory damages under the Lanham Act. The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts this recommendation.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.

---

[1] As identified by plaintiff, the Defaulting Defendants are: (1) 1000percent1000, (2) good-morning-store, (3) hongshizit603, (4) jinboyanc380_5, (5) likuan01, (6) litia905793, (7) litian-24, (8) liulipingq, (9) lsmsumi777, (10) off44ever, (11) sjbnsj, (12) tiantiany86, (13) wenjing1, (14) yeezyandme, (15) yqc262511_0, and (16) zhong_55. *See* Dkts. 26, 44.

1

R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Figueredo's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report, which is incorporated by reference herein, is therefore adopted in its entirety. The parties' failure to file written objections, as noted in the Report, precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). The Court therefore declines to issue a certificate of appealability, and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## CONCLUSION

For the foregoing reasons, the Court grants the award of $1.2 million in statutory damages under the Lanham Act. Off-White is also entitled to post-judgment interest on this judgment amount. Additionally, the Court adopts Judge Figueredo's recommendation that Off-White's request for a post-judgment order freezing each Defaulting Defendant's assets and authorizing the transfer of those assets to Off-White be denied, but that Off-White be permitted to execute on and enforce the Court's judgment immediately.

The Clerk of Court is respectfully directed to mail a copy of this decision to plaintiffs at the address on file, and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: December 26, 2024
New York, New York

3